Filed 2/3/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL LAWRENCE NICHOLS,<br><br>    Defendant and Appellant. | H041979<br>(Santa Clara County<br>Super. Ct. No. C1114331) |

## I.  INTRODUCTION

In August 2012 defendant Daniel Lawrence Nichols pleaded no contest to the felony offense of buying or receiving a stolen motor vehicle with a prior conviction for vehicle theft (Pen. Code, §§ 496d, 666.5),[1] and admitted the allegation that he had one prior violent or serious felony conviction that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).  The trial court imposed a term of four years in the state prison.

In November 2014 defendant filed a petition for a writ of habeas corpus, which the trial court treated as a petition for resentencing under section 1170.18, subdivision (a).  Section 1170.18 was enacted by Proposition 47, the Safe Neighborhoods and Schools Act (the Act).  (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.)  The trial court denied the petition on the ground that section 1170.18 does not

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

apply to a felony conviction for buying or receiving a stolen motor vehicle in violation of section 496d and therefore resentencing defendant as a misdemeanant was not authorized by Proposition 47.

On appeal, defendant contends that the trial court erred because section 1170.18 should be construed to apply to a felony conviction for violating section 496d where the value of the stolen motor vehicle was $950 or less. Defendant also contends the trial court's order violates his constitutional right to equal protection. For the reasons stated below, we find no merit in defendant's contentions and therefore we will affirm the order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2012, defendant pleaded no contest to the felony offense of buying or receiving a stolen motor vehicle with a prior conviction for vehicle theft (§§ 496d, 666.5), and admitted the allegation that he had one prior violent or serious felony conviction that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

Defendant filed a petition in propria persona for a writ of habeas corpus on November 19, 2014, in which he sought to have his sentence reduced pursuant to Proposition 47. The trial court issued an order on November 20, 2014, appointing defense counsel and construing the habeas corpus petition as a petition for resentencing under section 1170.18, subdivision (a). The parties filed memoranda of points and authorities regarding the issue of whether section 1170.18 should be construed to authorize resentencing a felony conviction for buying or receiving a stolen motor vehicle under section 496d as a misdemeanor where the value of the stolen motor vehicle did not exceed $950. The actual value of the stolen motor vehicle involved in defendant's section 496d conviction was not addressed by the parties.

The trial court denied the petition for resentencing during the hearing held on January 21, 2015. The court reasoned that "the very plain language" of section 1170.18

2

did not include a violation of section 496d as a felony conviction for which resentencing is authorized.

### III. DISCUSSION

Defendant filed a timely notice of appeal from the trial court's January 21, 2015 order. We will begin our evaluation of defendant's contentions of trial court error with a brief summary of the pertinent provisions of Proposition 47.

#### A. *Proposition 47*

On November 4, 2014, the voters enacted Proposition 47, which reclassified certain felony drug and theft related offenses as misdemeanors and enacted a new statutory provision, section 1170.18, whereby a person serving a felony sentence for the reclassified offenses may petition for a recall of his or her sentence. (§ 1170.18, subd. (a).)

Section 1170.18 applies to "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Under section 1170.18, subdivision (a), such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Section 1170.18, subdivision (b) specifies the procedure for a trial court to follow "[u]pon receiving a petition under subdivision (a)."

The theft related offenses enumerated in section 1170.18, subdivisions (a) and (b) that may be reclassified and resentenced as misdemeanors under Proposition 47 include shoplifting with a value of $950 or less [§ 459.5, subd (a)]; forgery of a document with a value of $950 or less [§ 473, subd (b)]; issuing a check for $950 or less without sufficient funds [§ 476a, subd. (b)]; petty theft with a value of $950 or less [§ 490.2,

subd. (a)]; receiving stolen property with a value of $950 or less [§ 496, subd.(a)]; and petty theft with a prior theft conviction [§ 666, subd. (a)]. The offense of buying or receiving a stolen motor vehicle (§ 496d) is not one of the theft related offenses listed in section 1170.18, subdivisions (a) and (b).

**B.** *Exclusion of Section 496d*

On appeal, defendant contends that the trial court erred in denying his petition for resentencing under Proposition 47 because section 1170.18 should be construed to apply to a felony conviction for violating section 496d where the value of the stolen motor vehicle was $950 or less. Defendant acknowledges that a felony conviction under section 496d is not one of the theft related offenses included in section 1170.18, subdivisions (a) and (b). He argues, however, that section 1170.18 expressly applies to the "parallel" offenses of vehicle theft (§§ 490.2, subd. (a)), and receiving stolen property (§ 496, subd. (a)) where the value of the stolen property is $950 or less, and therefore it is clear that the voters intended that all theft related offenses be treated as misdemeanors where the value of the property is less than $950. Alternatively, defendant contends that any ambiguity in section 1170.18 must be liberally interpreted to effectuate Proposition 47's purpose of "reducing prison spending on non-violent crimes," by treating all property related offenses as misdemeanors where the property has a value of $950 or less.

The People disagree, arguing that defendant is not eligible for resentencing under Proposition 47 because the plain language of Proposition 47 does not include section 496d. The People assert that "[t]he voters did not intend that those convicted of felony buying or receiving a stolen vehicle should have their convictions reduced to a misdemeanor. . . ."

We resolve the issue under of the rules of statutory interpretation, which are applicable to voter initiatives like Proposition 47. "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the

4

initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure.  [Citation.]"  (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571 (*Pearson*).)

Thus, " ' "[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)  Additionally, we consider the maxim *expressio unius est exclusio alterius:* "The expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.)  Under that maxim, where the Legislature expressly includes certain criminal offenses in a statute, the legislative intent was to exclude offenses that were not mentioned.  (*People v. Sanchez* (1997) 52 Cal.App.4th 997, 1001 (*Sanchez*); *People v. Walker* (2000) 85 Cal.App.4th 969, 973 [same]; *People v. Brun* (1989) 212 Cal.App.3d 951, 954 [same].)

Since section 1170.18, subdivisions (a) and (b) expressly includes certain theft related offenses (§§ 459.5, 473, 476a, 490.2, 496, & 666), we determine that the intent of the voters was to exclude theft related offenses not mentioned in the statute from reclassification and resentencing under Proposition 47.  (See, e.g., *Sanchez*, *supra*, 52 Cal.App.4th at p. 1001.)  The offense of buying or receiving a stolen motor vehicle is set forth in section 496d, which is a statute not included in section 1170.18, subdivisions (a) and (b).  Therefore, under the maxim *expressio unius est exclusio alterius*, a conviction of violating section 496d is excluded from reclassification and resentencing under Proposition 47.  (See *People v. Peacock* (2015) 242 Cal.App.4th 708, 712 (*Peacock*) [violation of section 496d, subdivision (a), is not an offense eligible for reclassification as

5

a misdemeanor].)  Moreover, to construe section 1170.18 as including section 496d would be inconsistent with our Supreme Court's instruction that we may not "add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*Pearson*, *supra*, 48 Cal.4th at p. 571.)

We therefore conclude that the trial court did not err in denying defendant's petition for resentencing because section 496d is not included in section 1170.18. Defendant's reliance on the rule of lenity does not convince us to alter our conclusion. " 'The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' [Citation.]" (*People v. Avery* (2002) 27 Cal.4th 49, 58.)  We have found no ambiguity in the language of section 1170.18, subdivisions (a) and (b) with respect to the the theft related offenses that are eligible for reclassification and resentencing; therefore, the rule of lenity does not apply.

## C. *Equal Protection*

Defendant also contends that denying a petition for resentencing of a section 496d conviction of buying or receiving a stolen motor vehicle with a value of $950 or less violates the constitutional right to equal protection.  He explains that "a person guilty of receiving a stolen vehicle (section 496d) with a value of $950 or less is similarly situated with respect to persons guilty of stealing a vehicle of the same value (section 490.2) and persons guilty of receiving other stolen property of the same value (section 496)." Defendant correctly asserts that the federal equal protection clause (U.S. Const., 14th Amend.) and the California equal protection clause (Cal. Const., art. I, § 7, subd. (a)) provide that all persons similarly situated should be treated alike.  However, that does not end our analysis.

The California Supreme Court has instructed that "[a] defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.' [Citations.]" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838

6

(*Wilkinson*).)  Therefore, the rational basis test is applicable to an equal protection challenge involving " 'an alleged sentencing disparity.' " (*Ibid*.)  Our Supreme Court also applied the rational basis test to an alleged statutory disparity:  "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." ' [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).)

The *Johnson* court applied the rational basis test as follows:  " 'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve.  Nor must the underlying rationale be empirically substantiated. [Citation.]  While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation].  It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' [Citation.]" (*Johnson*, *supra*, 60 Cal.4th at p. 881.)  Therefore, "[t]o mount a successful rational basis challenge, a party must ' "negative every conceivable basis" ' that might support the disputed statutory disparity.  [Citations.]  If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' [Citations.]" (*Ibid.*)

In the present case, the People argue that there was a rational basis for the voters to omit a felony conviction under section 496d for buying or receiving a stolen motor vehicle from reclassification and resentencing under Proposition 47 where the value of the stolen motor vehicle was $950 or less.  The People assert that the victims of motor vehicle theft whose vehicles were worth $950 or less suffer greater hardship than they would from the loss of other stolen property, since the victims depend upon their vehicles for transportation to work and school.  The People also assert that it is rational to punish a person who knowingly buys or receives a stolen motor vehicle worth $950 or less more severely than the person who stole the motor vehicle, or who bought or received other

7

stolen property worth $950 or less, in order to deter the theft of motor vehicles as a criminal enterprise.

Defendant responds that the People failed to satisfy the rational basis test because there is no factual support for their assertions, which "rest on inference, speculation or conjecture." However, defendant's contention is contrary to California Supreme Court authority. As we have noted, the *Johnson* court stated: " 'It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' [Citation.]" (*Johnson*, *supra*, 60 Cal.4th at p. 881.)

We find that there are several plausible reasons for the alleged disparity in excluding a conviction under section 496d from reclassification and resentencing under section 1170.18 where the value of the stolen motor vehicle was $950 or less. One reason is that the offense of buying or receiving a stolen motor vehicle may have greater consequences for the victims than other theft related offenses. The owners of motor vehicles are often dependent on their vehicles for transportation to work and school, and for obtaining the necessities of life, "which is not so frequently the case with theft of other forms of property." (*Peacock*, *supra*, 242 Cal.App.4th at p. 713.)

Another reason is that "unlike other forms of stolen property, stolen vehicles are often dismantled and sold for parts in 'chop shops' which can raise their worth above retail value. [Citation.]" (*Peacock*, *supra*, 242 Cal.App.4th at p. 713.) Targeting that type of criminal enterprise was in part the Legislature's intent in enacting section 496d, as indicated in the legislative history. The bill's author proposed that section 496d be added "to the Penal Code to encompass only motor vehicles related to the receiving of stolen property." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.) Section 496d was described as " 'provid[ing] additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target

8

persons involved in the business of vehicle theft and would identify persons having prior felony convictions for the receiving of stolen vehicles for enhanced sentences.' " (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.)

A third plausible reason for the alleged disparity in excluding a conviction under section 496d from section 1170.18 concerns prosecutorial discretion in charging the offense of receiving a low value stolen motor vehicle under section 496d, rather than as a misdemeanor under section 496. Our Supreme Court has ruled that "numerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, ' "one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]" ' the defendant cannot make out an equal protection violation. [Citation.]" (*Wilkinson*, *supra*, 33 Cal.4th at pp. 838-839.)

For these reasons, we determine that the rational basis test is satisfied because there is a plausible basis for the alleged disparity between a conviction under section 496d for buying or receiving a motor vehicle with a value of $950 or less, which is not eligible for reclassification and resentencing under section 1170.18, and the eligible convictions under section 496 (receiving stolen property with a value of $950 or less) and section 490.2 (petty theft with a value of $950 or less). Accordingly, we find no merit in defendant's equal protection claim.

In his reply brief, defendant requests a remand for an evidentiary hearing on the value of the stolen motor vehicle involved in his section 496d conviction. However, we have concluded that defendant's section 496d conviction is not eligible for reclassification and resentencing under section 1170.18 even if the actual value of the stolen motor vehicle was $950 or less.

9

For these reasons, we conclude the trial court did not err in denying defendant's petition for resentencing.  We will therefore affirm the order.

## IV.  DISPOSITION

The order of January 21, 2015, is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.: C1114331 |

Trial Judge:                                                               Hon. Linda R. Clark

Attorneys for Defendant and Appellant:     Elaine Forrester
Daniel Lawrence Nichols

Sixth District Appellate Program

Attorney for Plaintiff and Respondent:     Bruce Ortega
The People                                                 Office of the Attorney General

*People v. Nichols*
**H041979**