Filed 3/28/16  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ANTHONY RAMIREZ,<br><br>    Defendant and Appellant. | H042374<br>(Santa Clara County<br> Super. Ct. No. C1484940) |

Defendant David Anthony Ramirez appeals from the denial of his petition for resentencing under Proposition 47.  (Pen. Code, § 1170.18.)[1]  Defendant contends Proposition 47 makes him eligible for resentencing on his conviction for receiving a stolen vehicle under section 496d.  The trial court denied the petition on the ground that a conviction under section 496d does not meet Proposition 47's eligibility criteria as a matter of law.

In support of his claim that he is eligible for resentencing, defendant contends the offense of receiving a stolen vehicle worth $950 or less was implicitly included in Proposition 47's amendment of section 496, subdivision (a), which makes the receipt of stolen property valued at $950 or less punishable as a misdemeanor.  He also contends that the denial of his petition for resentencing violated his equal protection rights.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

This court recently considered and rejected these arguments in *People v. Nichols* (2016) 244 Cal.App.4th 681 (*Nichols*).  For the reasons set forth in *Nichols*, we find defendant's claims without merit.  Accordingly, we will affirm the judgment.

## I.  PROCEDURAL BACKGROUND[2]

On June 9, 2014, the prosecution charged defendant by an amended felony complaint (the operative charging document) alleging that defendant committed the following offenses on October 25, 2013:  Count One—Participating in a criminal street gang (§186.22, subd. (a)); Count Two—Receiving a stolen motor vehicle, a 1995 Honda Accord (§ 496d);  Count Three—Misdemeanor possession of a dirk or dagger (§ 21310); Count Four—Misdemeanor possession of ammunition by a prohibited person (§30305, subd. (a)(1)); Count Five—Possession of burglar tools (§ 466); and Count Six— Misdemeanor resisting, delaying, or obstructing a police officer (§ 148, subd. (a)(1)).  As to Count Two, the complaint alleged defendant had suffered a prior conviction for theft of a motor vehicle under Vehicle Code section 10851.  (§ 666.5.)  The complaint further alleged defendant had suffered:  (1) two prior convictions for assault with a deadly weapon on a peace officer, constituting serious or violent felonies (§§ 667.5, subd. (c), 1192.7, subd. (c)); (2) a prior conviction for assault with a deadly weapon on a peace officer, constituting a serious felony (§§ 667, subd. (a), 1192.7); and (3) two prior prison terms (§ 667.5, subd. (b)).

On July 1, 2014, in accord with a plea agreement, defendant pleaded no contest to Counts Two through Six and admitted all enhancements.  On Count Two, the court imposed a total term of four years, equal to double the mitigated term of two years.  On Counts Three through Six, the court imposed 60 days in county jail on each count, all concurrent with the term on Count Two.  The court dismissed Count One and struck the punishment for the two prior prison terms.

---

[2] The facts of the offense are not set forth in the record.

On January 16, 2015, defendant petitioned the trial court under Proposition 47 to recall his sentence. The trial court denied the petition on the ground that Section 496d was not included in the offenses eligible for resentencing under Proposition 47. Defendant appeals from the trial court's denial of his petition.

## II. DISCUSSION

A. *Statutory Eligibility for Resentencing under Proposition 47*

Defendant contends his conviction for receiving a stolen vehicle under section 496d is eligible for resentencing based on amendments made by Proposition 47 to a closely related section of the Penal Code—section 496, subdivision (a)—which prohibits the receipt of stolen property generally. The Attorney General responds that Proposition 47 did not amend section 496d to make receipt of a stolen vehicle eligible for resentencing.

1. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses to misdemeanors. As relevant here, the act amended section 496, which prohibits the receipt of stolen property. Newly amended section 496, subdivision (a) provides that, "if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ."[3] (§ 496, subd. (a).) Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses which were made misdemeanors by the act. (§ 1170.18, subd. (a).) Under the new resentencing scheme, a person currently serving a sentence for a felony conviction may petition for recall of his or her sentence if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

_____

[3] This subdivision excludes certain categories of persons from misdemeanor sentencing. Defendant's petition states he is not such a person.

3

2. *Receipt of a Stolen Vehicle Under Section 496d Was Not Included in Proposition 47's Resentencing Scheme*

The issue of defendant's eligibility for resentencing is a question of statutory construction. "Statutory construction is a question of law which we decide independently. [Citation.] Our role in construing any statute is to ascertain the Legislature's intent and effectuate the purpose of the law. Generally, we accomplish this task by giving the statutory words their usual, ordinary meanings. [Citation.] ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' [Citation.]" (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) "Additionally, we consider the maxim *expressio unius est exclusio alterius*: 'The expression of some things in a statute necessarily means the exclusion of other things not expressed. [Citation.] Under that maxim, where the Legislature expressly includes certain criminal offenses in a statute, the legislative intent was to exclude offenses that were not mentioned." (*Nichols*, *supra*, 244 Cal.App.4th at p. 688.)

In *Nichols*, *supra,* this court applied these principles to the same claim raised by defendant here. We concluded that because section 1170.18 expressly includes certain theft-related offenses (§§ 459.5, 473, 476a, 490.2, 496, & 666), the voters did not intend to include other theft-related offenses such as section 496d. We also rejected the argument that the rule of lenity applies in this analysis. We thus concluded that a defendant convicted of receipt of a stolen vehicle under section 496d is not eligible for resentencing under Proposition 47.

We adopt *Nichols'* holding and will apply it here. For the reasons set forth in *Nichols*, we conclude defendant is not eligible under Proposition 47 for resentencing of his conviction under section 496d.

4

B. *The Denial of Defendant's Petition for Resentencing Did Not Violate his Equal Protection Rights*

Defendant contends the denial of a petition for resentencing of a conviction under section 496d violates his constitutional right to equal protection because there is no justification for punishing defendants differently based on whether they are convicted under section 496 or 496d. The Attorney General responds that the denial of defendant's petition did not violate his equal protection rights because the voters had a rational basis to support the challenged classification.

Defendant argues that the proper standard for analyzing his equal protection claim is strict scrutiny, not rational basis, because the classification affects his fundamental right to liberty. For this proposition, he relies on *People v. Olivas* (1976) 17 Cal.3d 236 (*Olivas*) [personal liberty is a fundamental interest protected under both the California and United States Constitutions]. In the years since *Olivas* was decided, however, our Supreme Court has applied its holding narrowly. In *People v. Wilkinson* (2004) 33 Cal.4th 821, the court observed that "[t]he language in *Olivas* could be interpreted to require application of the strict scrutiny standard whenever one challenges upon equal protection grounds a penal statute or statutes that authorize different sentences for comparable crimes, because such statutes always implicate the right to 'personal liberty' of the affected individuals. Nevertheless, *Olivas* properly has not been read so broadly." (*Id.* at p. 837.) The court concluded: "We do not read *Olivas* as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor." (*Id.* at p. 838, quoting *People v. Davis* (1979) 92 Cal.App.3d 250, 258.) The court held that the rational basis standard applies to sentencing disparities of the type alleged here. (*Ibid.*)

Applying the rational basis test in *Nichols*, *supra*, this court concluded a rational basis exists for treating the receipt of a stolen vehicle more harshly than the receipt of other stolen property, even where the value of the stolen property is less than $950 in both cases. "One reason is that the offense of buying or receiving a stolen motor vehicle

may have greater consequences for the victims than other theft related offenses. The owners of motor vehicles are often dependent on their vehicles for transportation to work and school, and for obtaining the necessities of life . . . ." (*Nichols*, *supra*, 244 Cal.App.4th at p. 690.) Another reason is that stolen vehicles are often dismantled and sold for parts in so-called "chop shops." (*Ibid.*) Prosecutorial discretion is yet another justification for disparate punishments. (*Ibid.*)

For the reasons set forth in *Nichols*, we conclude the denial of defendant's petition for resentencing of his section 496d conviction did not violate his constitutional right to equal protection of the law.

### III.   DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:


_____
Premo, Acting P.J.


_____
Grover, J.