Filed 4/7/16  P. v. Montgomery CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G051365 |
|       v. | (Super. Ct. No. 11CF2191) |
| ALBERTA MONTGOMERY, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Marilee Marshall & Associates and Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

Defendant Alberta Montgomery appeals the trial court's denial of her motion pursuant to Penal Code section 1170.18.[1] She argues that receiving a stolen vehicle worth less than $950 qualifies her for resentencing under the statute,[2] or alternatively, that we must interpret the statute to include that offense under equal protection principles. We need not reach either issue, however, because defendant's petition to the trial court did not even attempt to show that the vehicle she received was worth less than $950. We therefore affirm the order.

I

FACTS

In 2011, defendant pleaded guilty to receiving a stolen vehicle with a prior felony conviction (§§ 666.5, subd. (a)/496d, subd. (a)). She also admitted that she had a prior conviction for unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) and that she had a prior serious and violent felony. She admitted she knowingly received a stolen vehicle. The court sentenced defendant to three years' formal probation, including 365 days in county jail. In November 2012, defendant admitted a probation violation, and was sentenced to 16 months in state prison.

Also in November 2012, the voters approved Proposition 47, which reclassified certain offenses from felonies to misdemeanors and created a post-conviction resentencing procedure for those convicted of felony offenses that have been reclassified. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1093.) Defendant thereafter filed a petition to reduce her felony conviction to a misdemeanor. The prosecution's response argued that a violation of sections 666.5, subdivision (a)/496d,

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] This issue is currently pending before the California Supreme Court. (*People v. Peacock* (2015) 242 Cal.App.4th 708, rev. granted Feb. 17, 2016, S230948; see also *People v. Nichols* (2016) 244 Cal.App.4th 681.)

subdivision (a) is not eligible for resentencing under Proposition 47. Defendant filed another petition, arguing that all property theft, where the property was valued at less than $950, was intended for inclusion. Alternatively, defendant argued, equal protection principles require that such thefts be included even if not specifically enumerated in Proposition 47. The court denied the motion, and defendant now appeals.

II

DISCUSSION

*Offenses Included in Proposition 47*

Section 1170.18, subdivisions (a) and (b) state the offenses for which resentencing is authorized. Individuals convicted of such crimes "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."[3]

Defendant was not convicted of any of the enumerated offenses. She was convicted of receiving a stolen vehicle (§ 496d, subd. (a)) and having a prior felony theft involving a vehicle (§ 666.5, subd. (a)).

Section 496d, subdivision (a) states, in relevant part: "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the

---

[3] Health and Safety Code sections 11350, 11357, and 11377 all deal with possession of controlled substances. The Penal Code sections address the following crimes: Sections 459.5 (shoplifting with a value of $950 or less), 473 (forgery of a document with a value of $950 or less), 476a (issuing a check for $950 or less with insufficient funds), 490.2 (petty theft with a value of $950 or less), and 666 (petty theft with a prior theft).

property to be so stolen or obtained, shall be punished by imprisonment . . . for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."

Section 666.5, subdivision (a) states, in relevant part: "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment."

Thus, the crimes defendant was convicted of – sections 496d and 666.5 – are not included in the offenses specifically listed in section 1170.18. In a nutshell, defendant's argument is that Proposition 47 was intended to cover all "thefts of property," including vehicles, where the value of the property was under $950 and the defendant had no disqualifying convictions. Alternatively, she argues that under equal protection principles, we must interpret the statute as applicable to her offense.

We need not resolve the statutory interpretation or equal protection issue. Defendant's petition to the trial court failed to present any evidence or make an offer of proof to establish that the vehicle she was convicted of receiving as stolen property was worth $950 or less.

Defendant seems to argue this was not her fault, claiming: "[T]he court appears to have simply assumed that [Proposition 47] did not apply and did not even reach the valuation of the vehicle." But we wonder how the trial court could have possibly done so when defendant submitted no evidence on the subject with her petition.

It was her burden, as the petitioning party, to demonstrate that she qualified for resentencing as a factual matter. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) In addition to arguing the relevant legal principles, defendant must establish the necessary facts. Therefore, if the crime under review is a theft offense, "'the petitioner

4

will have the . . . burden of proving the value of the property did not exceed $950.'
[Citation.]" (*Id.* at p. 879.) "A proper petition could certainly contain at least
[defendant's] testimony about the nature of the items taken. If [defendant] made the
initial showing the court can take such action as appropriate to grant the petition or
permit further factual determination. [Citation.]" (*Id.* at p. 880.) Because defendant
submitted no evidence on this determinative issue, her petition was properly denied.

III

DISPOSITION

The order is affirmed "without prejudice to subsequent consideration of a
properly filed petition." (*Sherow, supra*, 239 Cal.App.4th at p. 881.)


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

5