Filed 5/31/16  P. v. Ramos CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051359 |
| v. | (Super. Ct. No. 11CF1509) |
| MANUEL GARCIA RAMOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Manuel Garcia Ramos appeals from an order denying his petition for resentencing relief under Proposition 47. He contends the trial court erred in finding his conviction for receiving a stolen vehicle is outside the scope of the initiative, but we disagree and affirm the order.

PROCEDURAL BACKGROUND

In 2011, appellant was charged in a felony complaint with receiving a stolen vehicle in violation of Penal Code section 496d.[1] It was also alleged he had served two prior prison terms. (§ 667.5, subd. (b).) As part of a plea agreement, appellant admitted the charges, and one of the prison priors was dismissed. The factual basis for the plea states appellant "did knowingly & unlawfully buy/receive/conceal/sell/withhold a Honda Accord which [he] knew to be stolen." The trial court sentenced appellant to a two-year prison term, to be served concurrently with a sentence he received in another case.

Following the passage of Proposition 47 in November 2014, appellant petitioned the trial court to have his conviction reduced to a misdemeanor. Although Proposition 47 does not expressly apply to violations of section 496d, appellant argued the initiative was applicable to him to the extent it made the theft of property valued at $950 or less a misdemeanor. Appellant also claimed he was entitled to Proposition 47 relief as a matter of equal protection. The court denied his petition.

DISCUSSION

Appellant renews his claims regarding the scope of Proposition 47 and his entitlement to equal protection under the law. However, we see no basis for disturbing the trial court's ruling.

"Proposition 47 reclassifie[d] as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider

---

[1] All further statutory references are to the Penal Code.

2

resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.) The list of reclassified crimes includes receiving stolen property under section 496, but it does not include the crime of receiving a stolen vehicle under section 496d. (§ 1170.18, subds. (a), (b).)

Proposition 47 also redrew the boundary line between grand and petty theft by adding section 490.2 to the Penal Code. That provision states, "Notwithstanding [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor[.]" (§ 490.2, subd. (a).) Appellant contends section 490.2 encompasses convictions for receiving a stolen vehicle under section 496d when the vehicle's value does not exceed $950. He also claims his case should be remanded to allow the trial court to determine the value of the vehicle he received.

We do not agree with appellant's contentions. However, we also recognize the California Supreme Court is currently considering whether persons convicted under section 496d are entitled to relief pursuant to Proposition 47. (See *People v. Nichols* (2016) 244 Cal.App.4th 681, rev. granted Apr. 20, 2016, S233055; *People v. Peacock* (2015) 242 Cal.App.4th 708, rev. granted Feb. 17, 2016, S230948; *People v. Garness* (2015) 241 Cal.App.4th 1370, rev. granted Jan. 27, 2016, S231031.) Therefore, our analysis will be relatively brief.

The main reason for not construing Proposition 47 to include violations of section 496d is that the initiative simply does not include that offense within its terms. The fact Proposition 47 references several other offenses, including receiving stolen property under section 496, but omits the crime of receiving a stolen vehicle under section 496d is strong evidence the initiative was not intended to encompass the latter offense. (See *People v. Gray* (1979) 91 Cal.App.3d 545, 551 [the inclusion of some

offenses in a criminal statute reflects the intent to exclude those offenses which are not specifically enumerated].)

Granted, Proposition 47 added section 490.2 to ameliorate the punishment for a host of crimes that are not listed in the initiative. However, by its terms, section 490.2 applies only to theft offenses. Unlike those offenses, which involve an unlawful taking, the crime of receiving a stolen vehicle is committed whenever a person "buys or receives" a motor vehicle he knows has been stolen, or "conceals, sells, withholds, or aids in concealing, selling, or withholding" any such vehicle from the owner. (§ 496d, subd. (a).) Because a person who is convicted of receiving a stolen vehicle need not have obtained the subject vehicle by means of theft, and because there is nothing in the record indicating appellant actually stole the car he was convicted of receiving, his conviction does not come within the ambit of section 490.2. This is true even in the off chance the value of the vehicle appellant received was less than $950. Therefore, a remand for valuation is not required.

Appellant's fallback position is that equal protection principles require his section 496d conviction to be treated like a violation of 496, the general receiving stolen property statute, which, as noted above, is expressly included within the terms of Proposition 47. Appellant is correct that receiving a stolen vehicle can be charged under either one of these provisions. However, that does not create a constitutional problem; it simply raises the issue of prosecutorial discretion. The law is well established that prosecutors have considerable leeway in terms of choosing which crime to charge when the defendant's conduct violates more than one statute. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) So, unless the defendant can show that by charging him with one offense rather than another the prosecutor signaled him out for differential treatment based on some invidious criterion, no equal protection violation will be found. (*Id*. at p. 839.) Appellant has failed to make such showing in this case. Accordingly, his equal protection claim cannot prevail.

DISPOSITION

The trial court's order denying appellant's petition for Proposition 47 relief is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.