Filed 8/9/16  P. v. Valdez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065045 |
| v. | (Super.Ct.No. FVI018351) |
| JOHNNY VALDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Charles C. Ragland, Allison Hawley, and Samantha L. Begovich, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Johnny Valdez pleaded guilty to receiving a stolen motor vehicle in violation of Penal Code section 496d (section 496d). After he served his sentence, Proposition 47 went into effect. It allows defendants convicted of specified theft or drug-related felonies, including receiving stolen property in violation of Penal Code section 496, subdivision (a) (section 496(a)), to petition to have those convictions redesignated as misdemeanors. The trial court denied defendant's Proposition 47 petition, ruling that receiving a stolen motor vehicle is not one of the specified felonies.

Defendant appeals. He contends that Proposition 47 must be construed as applying to a conviction for receiving a stolen motor vehicle. Alternatively, he contends that, if Proposition 47 applies to receiving stolen property but not to receiving a stolen motor vehicle, it violates equal protection.[1]

We reject both contentions. Hence, we will affirm.

I

PROCEDURAL BACKGROUND

In 2003, defendant was charged with unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)) and receiving stolen property (Pen. Code, § 496, subd. (a)). In 2004, pursuant to a plea bargain, he pleaded guilty to receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a)) and was sentenced to 16 months in prison.

---

[1] These issues are presently before the California Supreme Court. (*People v. Nichols* (2016) 244 Cal.App.4th 681, rev. granted Apr. 20, 2016, S233055; *People v. Peacock* (2015) 242 Cal.App.4th 708, rev. granted Feb. 17, 2016, S230948; *People v. Garness* (2015) 241 Cal.App.4th 1370, rev. granted Jan. 27, 2016, S231031.)

On November 5, 2014, Proposition 47 went into effect. (See *People v. Esparza* (2015) 242 Cal.App.4th 726, 735.)

In 2015, defendant filed a petition to redesignate the conviction as a misdemeanor pursuant to Proposition 47. The People opposed the petition on the ground that a conviction under section 496d was outside the scope of Proposition 47. The trial court denied the petition, finding that defendant was ineligible for relief.

II

ELIGIBILITY UNDER THE TERMS OF PROPOSITION 47

Defendant contends that a conviction for receiving a stolen motor vehicle under section 496d is within the scope of Proposition 47.

In general, Proposition 47 reduced specified theft-related offenses — when they involve property worth $950 or less — as well as specified possessory drug offenses from felonies (or wobblers) to misdemeanors, unless the defendant has a disqualifying prior conviction. (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016 rev. ed.) pp. 24-28.[2]) Thus, as relevant here, it amended section 496(a), which makes it a crime to receive stolen property in general, so as to provide that "if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor . . . ." (Pen. Code, § 496, subd. (a), Prop. 47, § 9.) It did not amend section 496d, which makes it a crime specifically to receive a stolen motor vehicle.

---

[2]    Available at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf>, as of August 4, 2016.

3

Proposition 47 also allowed persons previously convicted of one of the specified offenses as a felony to petition to reduce the conviction to a misdemeanor. To this end, it enacted Penal Code section 1170.18, which, as relevant here, provides:

"(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

"(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

"In construing [a] statute, 'we are guided by the overarching principle that our task "'is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]"'' [Citation.] Our analysis begins with the language of the statute, which '"generally is the most reliable indicator of legislative intent."' [Citation.] ""When the language of a statute is clear, we need go no further." [Citation.] But where a statute's terms are unclear or ambiguous, we may "look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, . . . and the statutory scheme of which the statute is a part."' [Citation.]" [Citation.]' [Citations.]" (*In re R.V.* (2015) 61 Cal.4th 181, 192-193.)

A person can file a petition to redesignate a prior conviction as a misdemeanor if he or she "would have been guilty of a misdemeanor under this act had this act been in

4

effect at the time of the offense . . . ." (Pen. Code, § 1170.18, subd. (f).) Defendant was guilty of a felony under Penal Code section 496d; today, he would still be guilty of a felony under Penal Code section 496d. Accordingly, he was not eligible for relief.

Defendant relies on various indicia of legislative intent. However, because the relevant language of Proposition 47 itself is unambiguous, these are irrelevant.

Defendant also notes that any conduct that is punishable under section 496d is also punishable under section 496(a). In fact, defendant himself was originally charged with a violation of section 496(a); this was changed to a violation of section 496d in the plea bargain. He concludes that "[i]t is simply not reasonable" to distinguish between a conviction under section 496d and a conviction under section 496(a). If the distinction is truly irrational, it could violate equal protection, which we will discuss in part III, *post*. Otherwise, however, "[a]ppellate courts '"do not sit as super-legislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature." [Citation.] The rewriting of a statute is a legislative, rather than a judicial function, a practice in which we will not engage.' [Citation.]" (*Pasadena Police Officers Association v. Superior Court* (2015) 240 Cal.App.4th 268, 292.)

In his reply brief, defendant relies for the first time on Penal Code section 490.2 (section 490.2). Section 490.2, as relevant here, provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).) Defendant argues that the broad

5

sweep of this provision indicates an intent that Proposition 47 apply to all theft-related offenses.

Defendant forfeited this contention by failing to raise it in his opening brief. (*People v. Clark* (2016) 63 Cal.4th 522, 552.) However, it lacks merit in any event. Section 490.2 does override other statutes, but only those "defining grand theft." Defendant was not convicted of obtaining a motor vehicle by theft; he was convicted of receiving a stolen motor vehicle. Thus, section 490.2, by its terms, does not apply.

We therefore agree with the trial court that defendant was not eligible for relief under Proposition 47.

### III

### ELIGIBILITY AS A MATTER OF EQUAL PROTECTION

Defendant contends that, to the extent that Proposition 47 treats a conviction under section 496d differently from a conviction under section 496(a), it violates equal protection.

Defendant forfeited this contention by failing to raise it below. (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.) Separately and alternatively, we also reject this contention on the merits, for the following reasons.

"'The level of judicial scrutiny brought to bear on the challenged treatment depends on the nature of the distinguishing classification. [Citation.] Unless the distinction 'touch[es] upon fundamental interests' or is based on gender, it will survive an equal protection challenge 'if the challenged classification bears a rational relationship to a legitimate state purpose.' [Citations.]" (*People v. Descano* (2016) 245 Cal.App.4th

6

175, 181-182.)  "A defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.'  [Citations.]"  (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)  Hence, we apply the rational basis test.

"'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve.  Nor must the underlying rationale be empirically substantiated.  [Citation.]  While the realities of the subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation].  It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record."'  [Citation.] . . .  If a plausible basis exists for the disparity, courts may not second-guess its "'wisdom, fairness, or logic.'"  [Citations.]"  (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

"'[W]hen conducting rational basis review, we must accept any gross generalizations and rough accommodations that the Legislature seems to have made.'  [Citation.]  'A classification is not arbitrary or irrational simply because there is an "imperfect fit between means and ends"' [citation], or 'because it may be "to some extent both underinclusive and overinclusive"' [citation]."  (*Johnson v. Department of Justice*, *supra*, 60 Cal.4th at p. 887.)

We can think of at least three reasons for the challenged distinction.

First, motor vehicles are among the most frequently stolen items.  While there may be many reasons for this — e.g., high value, mobility, a large resale market — the reasons are really beside the point.  The electorate could reasonably conclude that there

7

need to be greater deterrents to receipt of a stolen motor vehicle than there are to receipt of other forms of stolen property.

Second, a motor vehicle can be dismantled and sold for parts. Punishing receipt of a stolen vehicle, as opposed to theft, particularly targets fences and "chop shops."

Third, the owner of a motor vehicle is likely to be dependent on it to get to work, to make necessary purchases, to obtain medical care, etc.; this is less likely to be true of other forms of property.

Thus, there are at least three plausible reasons to single out receipt of a stolen motor vehicle from receipt of other stolen property. Admittedly, a prosecutor still has discretion to charge the receipt of a stolen vehicle under section 496(a). However, "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles. [Citation.]" (*People v. Wilkinson*, *supra*, 33 Cal.4th at p. 838.)

Defendant argues that prosecutorial discretion was not involved here, because in 2004, when he entered into the plea agreement, Proposition 47 did not exist yet. Then as now, however, Penal Code section 666.5, subdivision (a) provided that a recidivist violator of certain statutes involving the theft of a motor vehicle — including section 496d — was subject to enhanced penalties. Defendant's plea to receiving a stolen vehicle therefore exposed him to potential consequences that a plea to receiving stolen property would not have done. Thus, the prosecutor's decision to proceed under section 496d was not simply random; it was a permissible exercise of discretion.

We therefore conclude that Proposition 47's application to a conviction for receiving stolen property but not to a conviction for receiving a stolen vehicle does not violate equal protection.

## IV

## DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.


We concur:

HOLLENHORST
J.

CODRINGTON
J.

9