Filed 9/23/16  P. v. Poles CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEON JEROME POLES,<br><br>    Defendant and Appellant. | F070868<br><br>(Super. Ct. No. VCF267795B)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Lewis A. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Keon Jerome Poles appeals from the denial of his petition for resentencing under Penal Code section 1170.18, seeking modification of the sentence imposed on his prior convictions for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). Appellant contends the failure to modify his sentences violates principles of equal protection. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2014, appellant petitioned to have several prior felony convictions reduced to misdemeanors under Penal Code section 1170.18. Appellant had previously suffered, among others, four convictions for receiving stolen automobiles (Pen. Code, § 496d, subd. (a)), one conviction for petty theft with a prior (Pen. Code, § 666), and one conviction for possession of a controlled substance (Health & Saf. Code, § 11350). The trial court granted appellant's request with respect to his convictions for petty theft with a prior and possession of a controlled substance. However, the court rejected appellant's request with respect to the four prior convictions for receiving stolen vehicles, concluding that Penal Code section 1170.18 did not extend to such convictions.

This appeal timely followed.

## DISCUSSION

Appellant contends the trial court wrongly denied his petition for resentencing. He claims his sentence violates equal protection principles and must be reduced to a misdemeanor because there is no rational basis why his convictions under Penal Code section 496d, subdivision (a), should not be eligible for resentencing under Penal Code section 1170.18 when similar convictions under Penal Code section 496 are eligible.

### *Standard of Review and Applicable Law*

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] "'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more

2.

*similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'" (*People v. Morales* (2016) 63 Cal.4th 399, 408 (*Morales*).)

If this showing is met, a further analysis is undertaken. "'The concept [of equal protection] recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not … require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination.'" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 675.) "'In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose.'" (*Ibid.*)

The determination of a statute's constitutionality is a question of law and is thus considered de novo. (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

### ***Denying Appellant's Resentencing Request Is Not an Equal Protection Violation***

Appellant contends the eligibility differences when seeking a reduction in punishment for prior convictions under Penal Code sections 496 and 496d following the passage of Proposition 47 violate equal protection. Specifically, appellant argues there is "no logical reason that a person convicted of receiving stolen property worth less than $950 would benefit from Proposition 47, whereas someone who received a stolen vehicle worth less than $950 would not." We disagree.

3.

Appellant cannot show that two similarly situated groups are being treated differently for the purposes of the relevant law. For appellant's argument to succeed, he must demonstrate that Penal Code section 1170.18 violates equal protection because persons convicted of receiving stolen property worth less than $950 are similarly situated to persons convicted of receiving stolen automobiles worth less than $950, yet are being treated differently because they are not eligible for resentencing.[1] The case law holds otherwise.

Our Supreme Court has noted why there is no equal protection obligation to make revised sentencing provisions retroactive in the context of Proposition 47. "Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that sentence at all. Sentencing changes ameliorating punishment need not be given retroactive effect. '"The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."'" (*Morales*, *supra*, 63 Cal.4th at pp. 408–409.). The fact that the electorate chooses to permit some convictions to be retroactively reduced, but not others, does not show an equal protection violation because the electorate's legitimate choice regarding which convictions receive retroactive application differentiates the groups. (*See People v. Floyd* (2003) 31 Cal.4th 179, 191 ["'[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.'"].)

---

[1] Appellant frames the argument as an assertion "that the disparate treatment of Penal Code sections 496 and 496d by Penal Code section 1170.18 violates equal protection." This framing does not change the analysis, but equal protection is an individual right attaching to persons, not statutes.

Appellant's reliance on *People v. Noyan* (2014) 232 Cal.App.4th 657 (*Noyan*) is likewise misplaced.[2]  In *Noyan*, the court was not faced with determining the impact of a retroactive application of sentencing changes but, rather, with the impact of legislative changes on sentencing for postchange convictions.  (*Noyan*, *supra*, at pp. 663–664.)  In addition, *Noyan* involved similar crimes that did not overlap, but shared the same goal of excluding contraband from prisons.  (*Id.* at pp. 666–667.)  Here, in contrast, the two crimes overlap, as receiving a stolen vehicle can be charged under either Penal Code section 496 or section 496d, creating two potential criminal statutes under which a defendant can be charged.  Under the instruction of *United States v. Batchelder* (1979) 442 U.S. 114, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles."  (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)[3]

---

[2]     Through letter briefing and oral argument, counsel for appellant has referred us to four decisions from sister districts involving Proposition 47 claims, which are pending before the California Supreme Court:  *People v. Garness* (2015) 241 Cal.App.4th 1370, review granted January 27, 2016, S231031; *People v. Nichols* (2016) 244 Cal.App.4th 681, review granted April 20, 2016, S233055; *People v. Peacock* (2015) 242 Cal.App.4th 708, review granted February 17, 2016, S230948; and *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted January 20, 2016, S231405.  We note that under former rule 8.1115(e)(1) of the California Rules of Court, in effect at the time review was granted, these cases have been depublished.  Regardless, we have reviewed these cases, recognizing none is persuasive or binding authority.  (See Cal. Rules of Court, rule 8.1115(e)(1).)  As appellant noted at oral argument, *Nichols* and *Peacock* both conclude, as we do here, that no equal protection violation exists.  *Garness* did not consider that issue, merely finding a conviction under section 496d is not covered by Proposition 47, and adds no support to appellant's claim.  *Romanowski* dealt with whether theft of access card information is covered by Proposition 47's reduction of certain felony theft crimes to misdemeanors despite not being explicitly named in the enacted statute.  Although appellant claims the analysis supports his position, we find the analysis distinguishable given that Proposition 47 expressly modified all crimes defined as grand theft but not all crimes involving receipt of stolen property.

[3]     Even if it was shown that two similarly situated groups were being treated differently, there appears to be a rational basis for punishing the receipt of stolen vehicles differently than the receipt of stolen property generally.  The theft of one's vehicle can substantially harm those most vulnerable in society, who may rely heavily on their vehicles to survive.  Even if punishments for

5.

Absent an argument that one was "singled out deliberately for prosecution on the basis of some invidious criterion," there is no cognizable claim that equal protection principles have been violated due to different statutes providing different penalties for similar conduct.  (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 568 [continuing on to reject claim that two otherwise identical classes of juveniles are created based on decision whether to charge in juvenile or adult court].)  No such additional allegations have been made here and, thus, there has been no showing sufficient to trigger a further equal protection inquiry.

## DISPOSITION

The judgment is affirmed.

---

stealing vehicles are reduced, there is still a rational incentive to eliminate the source of income that makes those thefts worth the criminal risk.  Thus, increased potential punishments for receiving stolen vehicles can assist with public policy goals that are not necessarily present in all receipt of stolen property cases.  (See *People v. Wilkinson*, *supra*, 33 Cal.4th at p. 840 [decision of how long a particular punishment should be is left to the Legislature, provided they act rationally].)  We reject appellant's contention that strict scrutiny would apply merely because potential differences in prison time are involved.  (*Id.* at p. 838 ["'We do not read [*People v.*] *Olivas* [(1976) 17 Cal 3d 236] as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor.'"].)

6.