[No. F025323. Fifth Dist. Feb. 13, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
ARIAN SANCHEZ, Defendant and Appellant.

COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HARRIS, J.—

### STATEMENT OF THE CASE

Appellant, Arian Sanchez, appeals a single aspect of the sentence imposed after having been convicted by guilty plea of willful, deliberate and premeditated attempted murder.

Appellant was charged in count I of a second amended information filed October 18, 1995, with the attempted murder of Joseph Romero, a "violation of section 664/187(a) of the Penal Code."[1] It was alleged that the attempted murder was committed willfully, deliberately and with premeditation within the meaning of section "664(1)."[2]

Counts II and III charged the same offense as count I as to victims Carlos Sanchez and Juventino Villanueva. Counts IV, V and VI alleged the attempted murder of the three victims, but did not contain the allegation that

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.
[2]By 1994 amendment, former subdivision 1 was redesignated as subdivision (a).

the attempted murders were willful, deliberate and with premeditation.[3] Counts VII, VIII and IX each alleged the crime of discharging a firearm from a motor vehicle, a violation of section 12034, subdivision (c). All counts contained the special allegation, pursuant to section 186.22, subdivision (b), that the offense was "committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members."

On October 23, 1995, appellant pled not guilty and denied all special allegations. On November 13, 1995, pursuant to a plea agreement, appellant changed his plea to guilty as to count I. The section 186.22 allegation as to count I was stricken and the remainder of the counts were dismissed.

On December 11, 1995, appellant was sentenced to a term in prison of life with the possibility of parole. Appellant received 183 days' presentence custody credit. The court imposed a $200 restitution fine, and penalties and assessments of $270. Appellant was further ordered to comply with the requirements of section 290.2. It is this last order which is the basis for appellant's sole contention on appeal.

Appellant filed a timely notice of appeal on January 25, 1996. A certificate of probable cause was issued.

## FACTS

As the sole issue on appeal relates to a sentencing issue, a detailed statement of the facts of the underlying offense is not necessary. Suffice it to say that on July 10, 1995, appellant, with five others, participated in a drive-by shooting. Appellant fired a sawed-off shotgun, out the front passenger window of a vehicle, at three youths who were pedestrians. Two of the targets, including sixteen-year-old Joseph Romero, suffered pellet wounds to their backs.

The only issue raised on appeal is whether the trial court properly ordered compliance with section 290.2. We will conclude that under accepted rules of statutory construction, section 290.2 cannot be read to apply to persons convicted of attempted murder.

---

[3]Both appellant and respondent refer to attempted first degree and attempted second degree murder allegations. *People* v. *Douglas* (1990) 220 Cal.App.3d 544 [269 Cal.Rptr. 579] held that section 664 does not divide attempted murder into degrees. Section 664, subdivision (a) prescribes the punishment for attempted murder, where the attempt is willful, deliberate and premeditated, as life with the possibility of parole. (See also *People* v. *Bright* (1996) 12 Cal.4th 652 [49 Cal.Rptr.2d 732, 909 P.2d 1354].)

## Discussion

At the time of sentencing, the trial court ordered that appellant comply with the requirements of section 290.2.[4] Section 290.2, subdivision (a) provides in pertinent part: "(a) Any person who is required to register under Section 290 because of the commission of, or the attempt to commit, a felony offense specified in Section 290, or who is convicted of murder in violation of Section 190 or 190.05, or who is convicted of a felony offense of assault or battery in violation of Section 217.1, 220, 241.1, 243, 243.1, 243.3, 243.4, 243.7, 244, 245, 245.2, 245.3, or 245.5 . . . shall . . . be required to provide two specimens of blood and a saliva sample . . . . [¶] In addition, the subject shall also provide a right thumbprint and a full palm print impression of each hand on a form prescribed by the Department of Justice to be forwarded to and maintained by the Bureau of Criminal Identification and Information of the Department of Justice. . . ."[5]

 Appellant was convicted of willful, deliberate and premeditated attempted murder, a violation of sections 664 and 187, subdivision (a). Appellant contends that because the crime of attempted murder is not one of the enumerated crimes within section 290.2, the requirements of this code section may not be imposed upon him. We agree.

The statutory circumstances presented here are similar to those presented in *People* v. *Brun* (1989) 212 Cal.App.3d 951 [260 Cal.Rptr. 850]. In *Brun*, the issue was whether the crime of possession of methamphetamine for sale, a violation of Health and Safety Code section 11378, was an offense for which registration was required pursuant to Health and Safety Code section 11590. As in this case, Health and Safety Code section 11590 specifically enumerated those offenses for which registration was required. Health and

---

[4]The section 290.2 requirement constituted a part of the recommended sentence contained in the report and recommendation of the probation officer, was orally pronounced by the trial court at sentencing, and is contained in the minute order of the sentencing proceeding. It is not, however, as appellant agrees, set forth in the abstract of judgment. Appellant states: "Insofar as the minutes of the sentencing hearing may be forwarded to the Department of Corrections along with the abstract of judgment, appellant requests that the sentencing minutes be modified, as appropriate." We will direct correction of the minutes. While appellant did not object to the section 290.2 compliance order at the time of sentencing, the order may be challenged and modified on appeal on the basis that its imposition exceeds the authority of the trial court. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; § 1260.)

[5]Section 290.2, a lengthy and detailed statute, further provides as part of subdivision (c): "The specimens and samples shall thereafter be forwarded to the Department of Justice for analysis of deoxyribonucleic acid (DNA) and other genetic typing analysis at the department's DNA laboratory. The Department of Justice may provide samples from these specimens to local public DNA laboratories for law enforcement purposes provided that the other privacy provisions of this section are followed by the local laboratory."

Safety Code section 11378 was not included within the list. The *Brun* court relied upon the long-standing rule of statutory construction that the expression of certain things in a statute necessarily involves exclusion of other things not expressed. (212 Cal.App.3d at p. 954.) The *Brun* court concluded by finding that the Legislature expressed an intent to differentiate between different drug-related crimes by requiring registration only for certain designated ones. Had the Legislature intended to require all drug offenders to register, it could have drafted the statute to accomplish that purpose. (*Ibid.*) The *Brun* court found that by omitting Health and Safety Code section 11378 from the list of crimes enumerated within Health and Safety Code section 11590, the Legislature manifested an intent that registration was not required. (*People* v. *Brun, supra,* 212 Cal.App.3d at p. 955.)

The *Brun* analysis is persuasive, as section 290.2 also enumerates by code section the specific crimes for which blood, saliva and fingerprint samples are required. Attempted murder is not one of the crimes included within the list.

A different situation presented itself in *People* v. *Crowles* (1993) 20 Cal.App.4th 114 [24 Cal.Rptr.2d 377] in which we distinguished *Brun.* In *Crowles*, we held that a person convicted of attempted possession of cocaine was required to register as a narcotics offender, even though attempted possession was not one of the offenses listed in Health and Safety Code section 11590. In *Crowles,* we concluded that attempts to commit the enumerated offenses were included. In doing so, we relied upon the fact that Health and Safety Code section 11590 did mention attempts when addressing convictions in other jurisdictions. Health and Safety Code section 11590 states that registration is required for those convicted of offenses in other states which if "committed or attempted" in this state would constitute a violation of any of the enumerated offenses. We noted that it was unlikely that any attempted crime in another state would constitute, in California, one of the completed listed crimes. Instead of seeing the reference to attempted out-of-state crimes as ineffectual and having no practical meaning, we chose to find that the Legislature intended attempts to commit the crimes enumerated in the statute to be covered by its registration requirement.

In contrast to *Crowles* where we found that the Legislature by implication intended all attempts at violating the enumerated offenses to be included within the registration statute although none were expressly stated, section 290.2 expressly lists certain specific attempted crimes as included within its provisions. For example, all persons required to register as felony sex offenders under section 290, whether the conviction is for the commission of or the attempt to commit a felony offense as specified in section 290, are

included within the blood, saliva and fingerprint sample requirement of section 290.2. In addition, section 217.1 is included within the provisions of section 290.2 as an enumerated crime. Section 217.1, in subdivision (b), specifies the punishment for the attempted murder of certain public officials when the act is in retaliation for or to prevent the performance of the victim's official duties. The fact that section 290.2 specifically includes some attempted crimes, but not others, and specifically enumerates one specific type of attempted murder but not others, distinguishes this case from the *Crowles* case and leads to the conclusion that the intent of the Legislature was to include only the expressly enumerated offenses and attempted offenses.

Respondent argues that the order that appellant comply with section 290.2 was appropriate because it comports with a legislative intent that violent offenders be required to provide blood and saliva samples for deoxyribonucleic acid (DNA) testing and for fingerprints to be kept on file with the Bureau of Criminal Identification and Information of the Department of Justice. Respondent asserts that because the Legislature required persons convicted of murder to supply these identifying samples, it must have intended that attempts at the same crime also include this punishment. Respondent notes that pursuant to section 21a attempted murder requires specific intent to commit murder, and it would be illogical to require a person intending to kill another, but whose attempt was unsuccessful, not to have been included in the statute.

While there is some appeal to respondent's argument, it is not our role to substitute our judgment for that of the Legislature.

Section 290.2 was first enacted in 1983 and has since been amended not less than six times. Each amendment has in some way touched upon subdivision (a). The present language, "Any person who is required to register under Section 290 because of the commission of, or the attempt to commit, a felony offense specified in Section 290, . . ." is as in the original 1983 enactment. Conviction of murder and the felony assaults and batteries were included by amendment in 1989. Subdivision (a) has been since amended three times—1993, 1994 and 1996. Certainly had the Legislature intended to include attempted murder, it has had many opportunities to correct its oversight. If the Legislature, in agreement with respondent, concludes that one or more further attempted crimes should be included within section 290.2, it is properly within the legislative function for it to do so.

### Disposition

The sentence imposed is modified to strike the order that appellant comply with the requirements of section 290.2, and the trial court is directed to make

appropriate amendment to its records. In all other respects the judgment is affirmed.

Stone (W. A.), Acting P. J., and Thaxter, J., concurred.