[No. C032956. Third Dist. Dec. 21, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE DAVIS WALKER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTS and part I of the DISCUSSION.

**COUNSEL**

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Jean M. Marinovich, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—A jury convicted defendant Tyrone Davis Walker of two counts of robbery (Pen. Code, § 211; all further section references are to the Penal Code) and found that defendant personally inflicted great bodily injury during the commission of the crimes (§ 12022.7). The trial court thereafter found that defendant had suffered a prior conviction for robbery (§§ 211, 667, subds. (a), (b)-(i), 1170.12) and had served two prior prison terms (§ 667.5, subd. (b)).

Sentenced to a total state prison term of 19 years, defendant contends: (1). The trial court erred prejudicially in instructing the jury as to accomplice testimony. (2) The court lacked jurisdiction to order defendant at sentencing to submit blood and saliva samples under section 296.

In the unpublished portion of the opinion, we shall conclude that the trial court's error in instructing on the testimony of an accomplice did not

prejudice defendant. In the published portion of the opinion, we shall conclude the trial court erroneously ordered defendant to submit blood and saliva samples under section 296.

We shall therefore strike the order to submit blood and saliva samples, but otherwise affirm.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

At sentencing on June 11, 1999, the trial court ordered defendant to submit samples of his blood and saliva, along with a right thumbprint and full palm print impressions of each hand, under the purported authority of sections 296 and 296.1. Defendant did not object.

■   Defendant contends that these sections did not authorize the court to order him to submit blood and saliva samples. We agree. We further conclude that defendant's failure to object does not waive the issue because an unauthorized sentencing condition may be attacked for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People v. Sanchez* (1997) 52 Cal.App.4th 997, 1000, fn. 4 [60 Cal.Rptr.2d 880].)

As it read at the time of defendant's sentencing, on June 11, 1999, section 296 provided as relevant that any person who is convicted of "any of the following crimes" must provide "two specimens of blood, a saliva sample, right thumbprints, and a full palm print impression of each hand for law enforcement identification analysis." (Former § 296, subd. (a)(1).)[3] The offenses enumerated thereafter in subdivision (a)(1)(A)-(a)(1)(H) and (a)(2) did not include robbery. Nor does the current version of section 296 list robbery as a qualifying offense. (See Stats. 1999, ch. 475, § 3.)

---

*See footnote, *ante*, page 969.

[3]As it read at the time of defendant's sentencing, section 296 provided (Stats. 1998, ch. 696, § 2): "(a)(1) Any person who is convicted of, or pleads guilty or no contest to, any of the following crimes, or is found not guilty by reason of insanity of any of the following crimes, shall, regardless of sentence imposed or disposition rendered, be required to provide two

The Attorney General asserts that the court was authorized to make its order under section 296.1, subdivision (c), which purportedly mandates collection of samples from anyone convicted of "a crime similar to any listed in" section 296. According to the Attorney General, robbery with the

---

specimens of blood, a saliva sample, right thumbprints, and a full palm print impression of each hand for law enforcement identification analysis:

"(A) Any offense or attempt to commit any felony offense described in Section 290, or any felony offense that imposes upon a person the duty to register in California as a sex offender under Section 290, except any offense involving lewd and lascivious conduct under Section 272 and any offense under subdivision (d) of Section 647.

"(B) Murder in violation of Section 187, 190, or 190.05, or an attempt to commit murder.

"(C) Voluntary manslaughter in violation of Section 192 or an attempt to commit voluntary manslaughter.

"(D) Felony spousal abuse in violation of Section 273.5.

"(E) Aggravated sexual assault of a child in violation of Section 269.

"(F) A felony offense of assault or battery in violation of Section 217.1, 220, 241.1, 243, 243.1, 243.3, 243.4, 243.7, 244, 245, 245.2, 245.3, or 245.5.

"(G) Kidnapping in violation of subdivisions (a) to (e), inclusive, of Section 207, or Section 208, 209, 209.5, or 210, or an attempt to commit any of these offenses.

"(H) Mayhem in violation of Section 203 or aggravated mayhem in violation of Section 205, or an attempt to commit either of these offenses.

"(I) Torture in violation of Section 206 or an attempt to commit torture.

"(2) Any person who is required to register under Section 290 because of the commission of, or the attempt to commit, a felony offense specified in Section 290, or who is convicted of murder in violation of Section 190 or 190.05, or who is convicted of a felony offense of assault or battery in violation of Section 217.1, 220, 241.1, 243, 243.1, 243.3, 243.4, 243.7, 244, 245, 245.2, 245.3, or 245.5, and who is committed to the state prison, a county jail, or any institution under the jurisdiction of the Department of the Youth Authority where he or she was confined, or is granted probation, or is released from a state hospital to which he or she was committed as a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, shall be required to provide two specimens of blood, a saliva sample, a right thumbprint, and a full palm print impression to that institution or, in the case of a person granted probation, to a person and at a location within the county designated for testing.

"(b) The provisions of this chapter and its requirements for submission to testing as soon as administratively practicable to provide specimens, samples, and print impressions as described in subdivision (a) shall apply regardless of placement or confinement in any mental hospital or other public or private treatment facility, and shall include, but not be limited to, the following persons, including juveniles:

"(1) Any person committed to a state hospital or other treatment facility as a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code.

"(2) Any person who has a severe mental disorder as set forth within the provisions of Article 4 (commencing with Section 2960) of Chapter 4 of Title 1 of Part 3 of the Penal Code.

"(3) Any person found to be a sexually violent predator pursuant to Article 4 (commencing with Section 6600) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code.

"(c) The provisions of this chapter are mandatory and apply whether or not the court advises a person, including any juvenile, that he or she must provide the data bank and data base specimens, samples, and print impressions as a condition of probation, parole, or any plea of guilty, no contest, or not guilty by reason of insanity, to any of the offenses described in subdivision (a)."

personal infliction of great bodily injury, of which defendant was convicted, is "similar" to assault and battery, offenses listed in section 296, subdivision (a)(1)(F); therefore the court's order was proper. We disagree.

Section 296.1, subdivision (c) provided at the time of sentencing and currently provides that a convicted person may be required to provide samples "once it has been determined that both of the following apply: [¶] (1) *The person has been convicted in California of a qualifying offense described in subdivision (a) of Section 296 or of a similar crime under the laws of the United States or of any other state that would constitute an offense described in subdivision (a) of Section 296.* [¶] (2) The person's blood specimens, saliva samples, and thumb and palm print impressions authorized by this chapter are not in the possession of the Department of Justice DNA Laboratory as part of the DNA data bank program." (Italics added.) Section 296.1, subdivision (c)(1) on its face does not cover any and all California crimes arguably "similar" to those enumerated in section 296, subdivision (a): it covers only crimes committed "under the laws of the United States or any other state" that correspond to offenses enumerated in section 296, subdivision (a). The Attorney General in effect would have us rewrite section 296.1 to replace its precise literal language with an open-ended "similarity" test, but cites no authority and offers no argument for doing so. Since there is no ambiguity in the statute's plain language, we need not and may not indulge in judicial construction. (*Beverly v. Anderson* (1999) 76 Cal.App.4th 480, 485 [90 Cal.Rptr.2d 545].)

Furthermore, in *People v. Sanchez, supra,* 52 Cal.App.4th 997, the court reached the same conclusion we now reach in construing a predecessor provision to section 296. Under subdivision (a) of former section 290.2 (repealed by Stats. 1998, ch. 696, § 1; see now § 296, subd. (a)(2)), "[a]ny person who is required to register under Section 290 because of the commission of, or the attempt to commit, a felony offense specified in Section 290, or who is convicted of murder in violation of Section 190 or 190.05, or who is convicted of a felony offense of assault or battery in violation of Section 217.1, 220, 241.1, 243, 243.1, 243.3, 243.4, 243.7, 244, 245, 245.2, 245.3, or 245.5" had to provide blood and saliva samples. The court held that the defendant, who had been convicted of attempted murder, could not be required to provide samples under section 290.2 because his crime was not one of those enumerated therein. (52 Cal.App.4th at p. 1000.) In so holding, the court relied on the rule of statutory construction that when the Legislature has chosen to expressly include certain things in a statute, it means to exclude those it has not mentioned. (*Id.* at p. 1001; see *People v. Brun* (1989) 212 Cal.App.3d 951, 954-955 [260 Cal.Rptr. 850].) We think the reasoning of *People v. Sanchez, supra,* applies equally well to section 296 and requires the same result in this case.

Moreover, like the court in *People v. Sanchez, supra*, 52 Cal.App.4th 997 we conclude that defendant's failure to object below does not waive the issue because the trial court's order was unauthorized. (*Id.* at p. 1000, fn. 4; see *People v. Scott, supra*, 9 Cal.4th at p. 354.) Therefore, we shall direct the trial court to strike the order it made under the purported authority of sections 296 and 296.1.

## DISPOSITION

The sentence imposed is modified to strike the order that defendant comply with the requirements of sections 296 and 296.1. As modified, the judgment is affirmed. The trial court is directed to amend its records to reflect our modification of the judgment.

Scotland, P. J., and Blease, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 11, 2001.