[No. 52698-7-I.   Division One.   November 29, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK THOMAS FREEMAN, *Appellant*.

---

*David L. Donnan* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Carla B. Carlstrom, Deputy*, for respondent.

¶1 PER CURIAM— Mark Freeman was convicted of attempted felony harassment and unlawful display of a weapon, stemming from an incident where he threatened a bookstore employee with a knife. Freeman appeals the portion of his sentence that requires him to submit a biological sample for the purpose of DNA (deoxyribonucleic acid) identification analysis. Neither of Freeman's offenses are enumerated by relevant statute as predicate offenses requiring the submission of a sample. He is entitled to have that requirement stricken from his sentence.

¶2 The statute mandates the collection of the biological sample for purposes of DNA identification from individuals convicted of certain crimes:

Every adult or juvenile individual convicted of a felony, stalking under RCW 9A.46.110, harassment under RCW 9A.46.020, communicating with a minor for immoral purposes under RCW 9.68A.090, or adjudicated guilty of an equivalent juvenile offense must have a biological sample collected for purposes of DNA identification analysis.

RCW 43.43.754(1).

¶3 Attempted harassment is neither a felony nor one of the enumerated crimes. The State nevertheless contends that Freeman's conviction for attempted harassment qualifies because he was charged under RCW 9A.46.020, the statute that defines the crime of harassment. The State cites no authority for this proposition.

██ ¶4 Statutory interpretation is a question of law, which the court reviews de novo. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). When statutory language is unambiguous, the court will look only to that language to determine legislative intent. The court cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language. The court should assume that the legislature means exactly what it says. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). Statutory language is unambiguous when it is not susceptible to two or more interpretations. *Delgado*, 148 Wn.2d at 726.

██ ██ ¶5 The statute requiring the submission of a biological sample is unambiguous because there is only one interpretation that can be drawn from it. The statute lists specific qualifying crimes which require the submission of a biological sample. Harassment is listed, but attempted harassment is not. There is no basis to add any offense not listed.

¶6 Attempted harassment is a distinct crime with distinct penalties.[1] All that is required in an attempted crime is that the accused take a substantial step toward the

---

[1] "(1) A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime.

"...

commission of a particular crime. Freeman was convicted of taking a substantial step toward committing harassment, but he was not convicted of "harassment under RCW 9A.46.020" as required by the statute. RCW 43.43.754(1). *See People v. Sanchez,* 52 Cal. App. 4th 997, 60 Cal. Rptr. 2d 880 (1997) (DNA identification statute could not be imposed on defendant convicted of attempted murder, where murder but not attempted murder was one of the enumerated crimes).

¶7 Congress and all 50 states have enacted legislation similar to RCW 43.43.754. *See State v. Surge,* 122 Wn. App. 448, 457, 94 P.3d 345 (2004), and cases cited therein. Many, but not all states have included attempted crimes when enumerating the specific offenses that would require the submission of a biological sample. *See e.g.,* CAL. PENAL CODE § 296 (2004); OHIO REV. CODE ANN. § 2901.07 (2004); NEV. REV. STAT. § 176.0913 (2004); ALASKA STAT. § 44.41.035(b)(2) (2004). Our legislature could have included attempted harassment, but it did not. We cannot conclude that the omission of the attempted crimes was mere oversight. In defining various categories of crimes for purposes of sentencing, the legislature explicitly includes attempted crimes as well as the completed crimes. For example, a seriously violent offense includes not only first degree murder, assault, manslaughter, kidnapping, and rape, but

---

"(3) An attempt to commit a crime is a:

"(a) Class A felony when the crime attempted is murder in the first degree, murder in the second degree, arson in the first degree, child molestation in the first degree, indecent liberties by forcible compulsion, rape in the first degree, rape in the second degree, rape of a child in the first degree, or rape of a child in the second degree;

"(b) Class B felony where the crime attempted is a class A felony other than an offense listed in (a) of this subsection;

"(c) Class C felony when the crime attempted is a class B felony;

"(d) Gross misdemeanor when the crime attempted is a class C felony;

"(e) Misdemeanor when the crime attempted is a gross misdemeanor or misdemeanor." RCW 9A.28.020.

an attempt to commit these crimes as well. RCW 9.94A.030(37).

¶8 Because the statute lists harassment as a qualifying crime, but not attempted harassment, the trial court did not have the statutory authority to order Freeman to submit a biological sample.

¶9 The order requiring Freeman to submit a biological sample is reversed.