Filed 9/22/16  P. v. Mesta CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064343 |
| v. | (Super.Ct.No. FSB1404970) |
| ERNIE STEVEN MESTA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sabrina Y. Lane-Erwin and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant filed a petition pursuant to Penal Code section 1170.18, subdivision (a),[1] to have his felony conviction for buying or receiving a stolen vehicle (§ 496d, subd. (a)) reduced to a misdemeanor, following enactment of Proposition 47. The trial court concluded defendant was ineligible for relief because the crime of which he was convicted was not included among the statutory violations listed in section 1170.18, subdivision (a), and denied the petition. Defendant appeals.

On appeal, defendant argues (1) Proposition 47 applies to convictions for violating section 496d, subdivision (a); (2) under Equal Protection principles, persons convicted of receiving a stolen vehicle pursuant to section 496d, subdivision (a), are similarly situated with respect to persons convicted of receiving stolen property pursuant to section 496, subdivision (a), and should be treated similarly. We affirm.

**BACKGROUND**

Because defendant pled guilty before a preliminary hearing, there are no background facts relating to the underlying crime. On October 23, 2014, he was charged with three counts. In count 1, he was charged with violating section 496d, subdivision (a), buying a 1994 Toyota Corolla that was stolen. Count 2 alleged a violation of Vehicle Code section 10851, subdivision (a) (driving or taking a vehicle of another without the owner's consent). Count 3 alleged a violation of section 148.9, subdivision (a) (false representation of identity to a peace officer). It was further alleged that defendant had

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

previously been convicted of a felony for which he had served a prison term. (§ 667.5, subd. (b).)

On November 4, 2014, defendant pled guilty to count 1 pursuant to a plea bargain. Under the terms of the agreement, in return for his guilty plea to buying or receiving a stolen vehicle, the People stipulated to a two year sentence to county prison and dismissal of the remaining counts and the enhancement allegation. Defendant requested an immediate sentence, which was imposed pursuant to the plea agreement.

On July 15, 2015, defendant filed a petition for resentencing pursuant to section 1170.18, requesting that his count of conviction be reduced to a misdemeanor. On July 31, 2015, the trial court denied defendant's application after concluding that defendant's conviction did not satisfy the criteria in section 1170.18, making him statutorily ineligible for resentencing. Defendant timely appealed.

## DISCUSSION

1.      *Proposition 47 Does Not Apply to Buying/Receiving a Stolen Vehicle.*

Defendant argues that Proposition 47 should encompass convictions for violating section 496d, subdivision (a).[2] We disagree.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had

---

[2] This precise issue is currently before the California Supreme Court in *People v. Nichols* (2016)*,* formerly at 244 Cal.App.4th 681; rev. gtd. April 20, 2016, S233055, and *People v. Peacock* (2016), formerly at 242 Cal.App.4th 708, rev. gtd. February 17, 2016, S230948. In the event the Supreme Court reaches a conclusion favorable to defendant's position, this affirmance is without prejudice to refile his petition.

previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. [Citation.]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Proposition 47 created a new sentencing provision, under which a person currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for resentencing. (§ 1170.18, subd. (a).) If the person satisfies the statutory criteria, he or she may have his or her sentence recalled and be resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Section 1170.18, subdivision (a), lists particular crimes which are eligible for reduction to a misdemeanor, including sections 11350, 11357, or 11377 of the Health and Safety Code, or section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by Proposition 47. (§ 1170.18, subd. (a).) Under the plain language of section 1170.18, subdivision (a), resentencing applies to the particular code sections that have been "amended or added" by Proposition 47. Section 496d, subdivision (a), is not included in the list of offenses found in section 1170.18, subdivision (a). The question of whether Proposition 47 was intended to apply to

4

convictions for offenses not listed in the statute presents a question of statutory construction.

When a court interprets a voter initiative, it applies the same principles governing statutory construction. (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.) Using well settled canons of statutory construction, we are bound to follow the plain meaning of the statute unless doing so would "inevitably frustrate the manifest purpose of the legislation as a whole or lead to absurd results." (*In re Nathaniel C.* (1991) 228 Cal.App.3d 990, 1002, citing *People v. Bellici* (1979) 24 Cal.3d 879, 884.) We must give meaning to every word of a statute if possible, and avoid a construction making any word surplusage. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118.)

From this we assume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language. (*People v. Connor* (2004) 115 Cal.App.4th 669, 691, citing *Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 894; *Yao v. Superior Court* (2002) 104 Cal.App.4th 327, 333.) This principle is expressed by the maxim "*expressio unius est exclusio alterius.*" (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.) Under this maxim, where the Legislature expressly includes certain criminal offenses in a statute, the legislative intent was to exclude offenses that were not mentioned. (*People v. Walker* (2000) 85 Cal.App.4th 969, 973, citing *People v. Sanchez* (1997) 52 Cal.App.4th 997, 1001 [interpreting predecessor to section 296 so as to require registration as a sex offender for certain listed statutory

5

violations]; *People v. Brun* (1989) 212 Cal.App.3d 951, 954-955 [same for registration as a drug offender].)

Here, section 1170.18, subdivision (a), expressly lists certain drug and property offenses for which a defendant may seek resentencing and re-designation of the offense as a misdemeanor.[3]  The statute excludes reference to section 496d, subdivision (a), and precludes extension of relief to such violations.

We have no power to rewrite the statute so as to make it conform to a presumed intention which is not stated.  (*Stephens v. County of Tulare* (2006) 38 Cal.4th 793, 801-802; *People v. Statum* (2002) 28 Cal.4th 682, 692.)  For us to declare, by judicial fiat, that the drafters meant something other than what the statute expressly provides would be to rewrite it under the guise of construing it.  (*Keeler v. Superior Court* (1970) 2 Cal.3d 619, 633.)  Proposition 47 does not provide relief to persons convicted of violating section 496d, subdivision (a). In the event the California Supreme Court interprets the Act differently, defendant may refile his petition.

---

[3]  We note that the drafters could have worded the statute to apply to the offenses listed, "or other similar offenses," which would have evoked application of the canon of construction of *ejusdem generis,* and would have applied the new rule to those things that are similar to those enumerated specifically.  Because no catchall was added, we are limited to employing the canon of construction applied above.

2. *Persons Convicted of Buying/Receiving Stolen Vehicles Are Not Similarly Situated to Persons Convicted of Receiving Stolen Property, So There is No Equal Protection Violation.*

Defendant argues that the Equal Protection Clause requires his conviction for receiving a stolen vehicle under section 496d, subdivision (a) be treated the same way as a conviction for receiving stolen property under section 496, subdivision (a) or actual theft under section 490.2, subdivision (a). We disagree.

To establish an equal protection claim, a defendant must show "'that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]' [Citation.]" (*People v. Descano* (2016) 245 Cal.App.4th 175, 181, italics added.) The level of judicial scrutiny applicable to such treatment depends on the nature of the distinguishing classification. (*People v. Descano, supra,* at pp. 181-182, citing *People v. Wilkinson* (2004) 33 Cal.4th 821, 836-837.) Where "a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."' [Citation.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

The reclassification of minor drug and theft offenses does not implicate a suspect class or a fundamental right, because a criminal defendant has no vested interest in a specific term of imprisonment or in the designation a particular crime received. (*People v. Wilkinson, supra,* 33 Cal.4th at p. 838.) We therefore employ the rational basis test.

7

There are sound reasons to treat buying or receiving a stolen vehicle differently from shoplifting, petty theft, or receiving stolen property having a value of $950 or less. First, motor vehicles are licensed and regulated by the state, because of their impact on the environment and the safety concerns they raise. The state requires a motor vehicle owner to register the vehicle and provide insurance against injuries or losses, even where the owner did not operate the vehicle. (Veh. Code, § 17150.) Thus, if a motor vehicle is stolen and later involved in a collision or the commission of a crime, there are repercussions for the registered owner. Money is fungible (see *People v. Mays* (2007) 148 Cal.App.4th 13, 25), and the use of few items of personal property will give rise to vicarious liability on the part of an owner for property damage or personal injury. The difference in the character of the property warrants different treatment.

Further, as the People point out, motor vehicles, and the transportation means they provide, are necessaries in today's society. Even if the particular stolen vehicle bought or received by defendant has a Kelly Blue Book value of $950 or less, the loss to a victim of vehicle theft is the value of a replacement vehicle, the cost of registering and insuring that automobile, as well as the time and energy needed to replace, register, and insure another vehicle.

In his reply brief, defendant argues that because the actual *theft* of an automobile may qualify for resentencing because of its inclusion in section 487, subdivision (d)(1), which constitutes petty theft under section 490.2 if the value is $950 or less, so also should the buying or receiving of a stolen vehicle. However, section 496d was enacted to

8

target those in the business of buying stolen vehicles or their parts: in enacting Assembly Bill 2390 (Stats. 1997-1998, c. 710), the Legislature acknowledged existing law pertaining to penalties for receiving stolen property, but noted it was not specific to vehicle theft; it therefore specifically created a new crime relating to the buying or receiving of "any motor vehicle, trailer, special construction equipment, or any vessel," to target "persons involved in the business of vehicle theft," as opposed to just the theft of automobiles. (Legis. Counsel's Digest, Assem. Bill 2390 [Stats. 1997-1997 c. 710].)

Thus, the legislative history of section 496d reveals the Legislature intended to treat those who buy or receive stolen vehicles differently from either those who steal vehicles or those who buy or receive other stolen property. The penalty applicable specifically to persons who buy or receive stolen motor vehicles was intended to target persons in the *business* of vehicle theft. (Author's statement, italics added; Assem. Bill 2390 [1998 Stats. c. 710, p. 2 [http://www.leginfo.ca.gov/pub/97-98/bill/asm/ab_2351-2400/ab_2390_cfa_19980413_140614_asm_comm.html as of Sept. 22, 2016].) These businesses are not limited to the resale of automobiles, but also include "chop shops."

A "chop shop" is a building, lot or other premises where a person has been engaged in altering, destroying, disassembling, dismantling, reassembling, or storing any motor vehicle or motor vehicle part known to be illegally obtained by theft, fraud, or conspiracy to defraud, in order to alter or destroy the vehicle identification number, or sell or dispose of the motor vehicle or motor vehicle part. (Veh. Code, § 250.) Unlike other forms of stolen property, stolen vehicles may be dismantled and sold for parts in

9

"chop shops" that can raise their worth above retail value. The statute prohibiting the ownership and operation of a "chop shop" (Veh. Code, § 10801) was also intended to target "those criminals who traffic in stolen vehicles and stolen vehicle parts." (Sen. Bill 73, 1993-1994 Reg. Session, http://www.leginfo.ca.gov/pub/93-94/bill/sen/sb_0051-0100/sb_73_cfa_930211_150401_sen_comm. as of Sept. 22, 2016.)

In short, receiving or buying a stolen vehicle is different from receiving other types of property that may be stolen, and different from theft of an automobile, justifying disparate treatment under the statute. Because we must assume the exclusion of section 496d from the list of offenses for which resentencing is permitted was not an oversight, and because there is a rational basis for the exclusion, the conclusion that defendant was ineligible for resentencing does not violate equal protection.

## DISPOSITION

The judgment is affirmed without prejudice to allow defendant to refile his petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.

10