Filed 10/12/16  Certified for publication 11/7/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042889 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F00652) |
| v. | |
| SALVADOR MARTINEZ, JR., | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

In May 2000, defendant Salvador Martinez, Jr. pleaded guilty to a charge that he committed a felony forgery in violation of Penal Code section 470, subdivision (a),[1] by "sign[ing] the name of another person and of a fictitious person, to [a] RECEIPT FOR GOODS."[2]  Documents in the police report showed that defendant had signed someone else's name on credit card receipts after making credit card purchases at a Chevron station.

In March 2015, defendant filed a petition for redesignation of his felony forgery offense as a misdemeanor under section 1170.18, subdivision (f), which was enacted in 2014 as part of Proposition 47.  The trial court denied the petition on the ground that

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Hereafter, we refer to defendant's offense as a "receipt for goods" forgery.

section 1170.18 does not apply to defendant's specific forgery offense—a "receipt for goods" forgery—because that offense is not listed as a misdemeanor in section 473, subdivision (b). On appeal, defendant contends that the trial court erred by finding his offense was not eligible for redesignation under section 1170.18, subdivision (f). For reasons that we shall explain, we will affirm the trial court's order.

## II. BACKGROUND

A complaint filed on April 26, 2000 charged defendant with two crimes. Count 1 alleged that defendant committed a violation of section 470, subdivision (a), a felony, in that he did, "with the intent to defraud, and knowingly without authority to do so, sign the name of another person and of a fictitious person, to [a] RECEIPT FOR GOODS." Count 2 alleged that defendant committed a violation of section 484g, subdivision (a), a misdemeanor, in that he did, "with intent to defraud[,] use for the purpose of obtaining money, goods, services and anything else of value, an access card and access card account information that had been altered, obtained, and retained, in violation of section 484e and 484f, and an access card with knowledge that it was forged, expired and revoked."

On May 15, 2000, defendant pleaded guilty to count 1. Count 2 was dismissed. Defendant was placed on probation for 36 months and ordered to pay restitution in the amount of $159.92.

On March 23, 2015, defendant filed a petition to have his felony forgery conviction redesignated as a misdemeanor pursuant to section 1170.18, subdivision (f).

On April 30, 2015, the People filed written opposition, arguing that defendant had not met his burden to show proof that the amount involved in the forgery was under $950. Additionally, at a hearing on June 30, 2015, the People argued that the trial court should deny defendant's petition because "certain types of 470's were not affected by Prop 47. And specifically the types that were affected were [forgeries] involving check

2

fraud, cashier's checks, traveler's check[s], or money orders. This involved a credit card, which was not one of those items."

On July 27, 2015, defendant filed a response that included proof that the amount involved in the forgery was under $950, namely, copies of the credit card receipts from the original police report. Additionally, he argued that his conviction was eligible for redesignation because it is a "forgery offense sentenced pursuant to Penal Code Section 473." Defendant argued that because he had no disqualifying convictions and the amount of restitution was under $950, a redesignation of his conviction to a misdemeanor would be in alignment with one of the purposes of Proposition 47: "to maximize alternatives for nonserious, nonviolent crime."

On August 25, 2015, the trial court denied defendant's petition. Regarding defendant's argument that the "only relevant inquiry allowed under Prop. 47 is the amount," the trial court stated, "I think it needs to be specifically outlined within the statute. I'm going to respectfully disagree that the only relevant inquiry is the charge itself."

## III.   ANALYSIS

Defendant argues that the trial court erred in refusing to redesignate his receipt for goods forgery conviction as a misdemeanor. Defendant relies on on principles of statutory interpretation as well as principles of equal protection.

### A.   *Legal Principles: Proposition 47*

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Proposition 47 now "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*Rivera, supra,* at p. 1091.)

3

Section 473, which prescribes the punishment for forgery, was one of the statutes amended by Proposition 47.  (See *Rivera, supra,* 233 Cal.App.4th at p. 1091.) Subdivision (a) of section 473 now provides:  "Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170."  Subdivision (b) of section 473 now provides, in pertinent part: "Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ."

Section 1170.18, which was added by Proposition 47, "provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.'  [Citations.]"  (*Rivera, supra,* 233 Cal.App.4th at p. 1093.) As relevant here, section 1170.18, subdivision (f) provides:  "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

### B.     *Statutory Interpretation*

Defendant's first argument is that "receipt for goods" forgery convictions are eligible for misdemeanor designation under Proposition 47 based on principles of statutory interpretation.  "Issues of statutory interpretation are questions of law subject to de novo review.  [Citation.]"  (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

"When we interpret an initiative, we apply the same principles governing statutory construction.  We first consider the initiative's language, giving the words their ordinary

meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]" (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

Thus, " ' "[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation.]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Additionally, we consider the maxim *expressio unius est exclusio alterius*: "The expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 (*Gikas*).) Under that maxim, where the Legislature expressly includes certain criminal offenses in a statute, the legislative intent was to exclude offenses that were not mentioned. (*People v. Sanchez* (1997) 52 Cal.App.4th 997, 1001; see also *People v. Walker* (2000) 85 Cal.App.4th 969, 973; *People v. Brun* (1989) 212 Cal.App.3d 951, 954.)

Defendant contends that his "receipt for goods" forgery conviction was eligible for misdemeanor designation based on his interpretation of section 473, subdivision (b). We therefore must analyze the language of section 473.

Under subdivision (a) of section 473, forgery convictions are wobblers. Subdivision (b) of section 473 provides an exception to the general rule expressed in subdivision (a), bestowing misdemeanor status upon specified types of forgeries. As we previously noted, section 473, subdivision (b) states: "Notwithstanding subdivision (a), any person who is guilty of forgery relating to a *check, bond, bank bill, note, cashier's check, traveler's check, or money order*, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty

5

dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year . . . ." (Italics added.)

The plain language of section 473 is clear and unambiguous. Under subdivision (b) of section 473, a forgery conviction is a misdemeanor if the instrument utilized in the forgery is a check, bond, bank bill, note, cashier's check, traveler's check, or money order with a value of $950 or less. If the forgery does not involve one of the seven instruments specified in section 473, subdivision (b), it is a wobbler under subdivision (a) of section 473. Defendant was convicted of a "receipt for goods" forgery. A receipt for goods is not one of the seven instruments specified in section 473, subdivision (b). Defendant therefore was ineligible to have his "receipt for goods" forgery conviction designated as a misdemeanor pursuant to section 473, subdivision (b).

Defendant contends that the seven listed items in section 473, subdivision (b) were "intended to be illustrative, and not exclusive" and to interpret the statute otherwise "lacks common sense or rationalization." This argument is not persuasive. As noted above, "[t]e expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas, supra,* 6 Cal.4th at p. 852.) Section 473, subdivision (b) identifies forgeries involving seven specific instruments as eligible for misdemeanor designation. This is significant given that section 470—the statute that defines forgery—identifies over 50 instruments with which forgery can be committed, including the seven instruments listed in subdivision (b) of section 473.[3] The express

---

[3] Section 470, subdivision (d) describes the instruments subject to criminal penalties under subdivision (a) as: "any check, bond, bank bill, or note, cashier's check, traveler's check, money order, post note, draft, any controller's warrant for the payment of money at the treasury, county order or warrant, or request for the payment of money, *receipt for money or goods*, bill of exchange, promissory note, order, or any assignment of any bond, writing obligatory, or other contract for money or other property, contract, due bill for payment of money or property, receipt for money or property, passage ticket, lottery ticket or share purporting to be issued under the California State Lottery Act of (continued)

identification of those seven instruments in section 473, subdivision (b) excludes from misdemeanor designation forgeries committed with all other instruments.  To adopt defendant's argument and conclude that "receipt for goods" forgery convictions are eligible for misdemeanor designation, we would have to insert the term "receipt for goods" into subdivision (b) of section 473.  We decline to do so.  Inserting additional language into a statute " 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.  [Citations.]' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)

Although the plain language of the statute is clear, we note that defendant is incorrect when he asserts that the intent of the electorate was to include all types of forgeries.  The "Official Title and Summary" of Proposition 47 printed in the ballot materials included the following statement:  "Requires misdemeanor sentence instead of felony for the following crimes when amount involved is $950 or less: petty theft, receiving stolen property, *and forging/writing bad checks*."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), official title and summary of Prop. 47, p. 34, italics added (hereafter Guide).)  The Legislative Analyst's analysis of Proposition 47, also printed in the ballot materials, specified the crimes for which penalties would be reduced; it

---

1984, trading stamp, power of attorney, certificate of ownership or other document evidencing ownership of a vehicle or undocumented vessel, or any certificate of any share, right, or interest in the stock of any corporation or association, or the delivery of goods or chattels of any kind, or for the delivery of any instrument of writing, or acquittance, release or discharge of any debt, account, suit, action, demand, or any other thing, real or personal, or any transfer or assurance of money, certificate of shares of stock, goods, chattels, or other property whatever, or any letter of attorney, or other power to receive money, or to receive or transfer certificates of shares of stock or annuities, or to let, lease, dispose of, alien, or convey any goods, chattels, lands, or tenements, or other estate, real or personal, or falsifies the acknowledgment of any notary public, or any notary public who issues an acknowledgment knowing it to be false; or any matter described in subdivision (b)."  (Italics added.)

7

specifically listed "Writing Bad Checks" and "Check Forgery." (Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) Nothing in the ballot materials indicated that by passing Proposition 47, penalties would be reduced for all means of committing forgery listed in section 470, subdivision (d).

In sum, a section 470, subdivision (d) forgery conviction is eligible for misdemeanor designation under section 1170.18, subdivision (f) only if the instrument utilized in the forgery is one listed in section 473, subdivision (b): a check, bond, bank bill, note, cashier's check, traveler's check, or money order with a value of $950 or less. Since "receipt for goods" forgery convictions are not listed in section 473, subdivision (b), they are not eligible for misdemeanor designation under section 1170.18, subdivision (f).

### C.    *Equal Protection*

Defendant also contends that denying a petition for redesignation of a forgery conviction relating to a "receipt for goods" with a value of $950 or less violates his state and federal constitutional rights to equal protection. (See Cal. Const., art. I, § 7; U.S. Const., 14th Amend.) Defendant asserts that the trial court's interpretation of amended section 473, subdivision (b) creates two groups of people who are treated in an unequal manner: (1) those otherwise eligible defendants convicted of forgery by use of one of the seven instruments specified in section 470 subdivision (d) (i.e., a check, bond, bank bill, note, cashier's check, traveler's check or money order), who will either be sentenced to a misdemeanor or are eligible for misdemeanor sentencing redesignation and (2) those otherwise eligible defendants convicted of forgery by use of the "remaining thirty-plus instruments in the statute[]," who can be sentenced to a felony and are ineligible for misdemeanor redesignation.

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection

8

clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 328.) We need not decide whether persons convicted of receipt of goods forgeries, such as defendant, are similarly situated to persons convicted of forgery with the instruments described in section 473, subdivision (b), however. As we shall explain, the disparate treatment between the two groups has a rational basis.

The California Supreme Court has instructed that "[a] defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.' [Citations.]" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Therefore, the rational basis test is applicable to an equal protection challenge involving " 'an alleged sentencing disparity.' " (*Ibid.*) Under the rational basis test, " 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." ' [Citations.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).) " 'This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' [Citation.]" (*Ibid.*) Therefore, "[t]o mount a successful rational basis challenge, a party must ' "negative every conceivable basis" ' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' [Citations.]" (*Ibid.*)

Defendant argues that "there is no distinction between the means of forgery enumerated in [section] 473[, subdivision] (b) and the balance of the means listed in [section] 470[,subdivision] (d)." We disagree. As the People argue, it is "reasonable

9

to presume" that the drafters of Proposition 47 and the electorate wanted to distinguish between the seven negotiable instruments specified in section 473, subdivision (b), and a credit card receipt, which is not a negotiable instrument. The drafters and electorate could reasonably have determined that fraudulent use of a credit card could result in greater harm than writing a bad check or committing check fraud, since forgery committed with a credit card can result in ongoing financial loss and damage to a victim's credit history, whereas forgery committed with one of the financial instruments listed in section 473, subdivision (b) will, as the People point out, "generally result in more limited harm to a victim centered around a one-time loss."

We find that there is a "plausible basis" for the alleged disparity in excluding a "receipt for goods" forgery conviction from reclassification and resentencing under section 1170.18 while including forgeries involving the seven negotiable instruments specified in section 473, subdivision (b). (See *Johnson, supra,* 60 Cal.4th at p. 881.) Because there is a rational basis for Proposition 47's distinction between offenders who were convicted of forgery involving the instruments listed in section 473, subdivision (b) and offenders convicted of "receipt for goods" forgeries, defendant's equal protection claim fails.

## IV. DISPOSITION

The August 25, 2015 order denying defendant's Penal Code section 1170.18 petition is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.

10

Filed 11/7/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SALVADOR MARTINEZ, JR.,<br><br>    Defendant and Appellant. | H042889<br>(Santa Cruz County<br>Super. Ct. No. F00652)<br><br>ORDER FOR PUBLICATION |

THE COURT:

The opinion in the above-entitled matter filed on October 12, 2016, was not certified for publication in the Official Reports. The Office of the Attorney General has requested the opinion be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rules 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

_____
BAMATTRE-MANOUKIAN, J.

_____
ELIA, ACTING P.J.

_____
MIHARA, J.

| | |
|---|---|
| Trial Court: | Santa Cruz County Superior Court |
| | Superior Court No.: F00652 |
| | |
| Trial Judge: | Hon. Timothy R. Volkmann |
| | |
| Attorneys for Defendant and Appellant: | Tania Rose |
| Salvador Martinez, Jr. | Sixth District Appellate Program |
| | |
| Attorneys for Plaintiff and Respondent: The People | Kamala D. Harris |
| | Attorney General of California |
| | Gerald A. Engler |
| | Chief Assistant Attorney General |
| | Jeffrey M. Laurence |
| | Senior Assistant Attorney General |
| | Catherine A. Rivlin |
| | Supervising Deputy Attorney General |
| | Karen Z. Bovarnick |
| | Deputy Attorney General |